IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STACIA VICK, CHADWICK VICK          )
                                    )
            Plaintiffs,             )
                                    )        C.A. No. K17C-09-007 NEP
    v.                              )
                                    )        In and For Kent County
DR. NASREEN KHAN,                   )
KHAN AND ASSOCIATES PA,             )
BAYHEALTH INC.,                     )
BAYHEALTH MEDICAL CENTER,           )
and KENT GENERAL HOSPITAL.          )
                                    )
            Defendants.             )


Submitted: June 14, 2018
Decided: August 22, 2018

## ORDER

Before the Court are the appeal of Plaintiffs Stacia and Chadwick Vick (hereinafter "Plaintiffs") from the Commissioner's order denying their motion to amend the complaint, and the responses of Defendants Bayhealth Inc.; Bayhealth Medical Center, Inc.; Kent General Hospital; Nasreen Khan, DO; and Khan Obstetrics and Gynecology Associates, PA (hereinafter "Defendants").

The facts as alleged by Plaintiffs and the procedural history as reflected by the record are, briefly, as follows.[1] On June 11, 2015, Ms. Vick went to Kent General Hospital to have Dr. Khan deliver her baby. Before delivery, Dr. Khan performed an episiotomy on Ms. Vick, but failed to properly close the laceration. Dr. Khan also removed and collected the umbilical cord and gave Ms. Vick blood transfusions

---

[1] These facts have not been established but, as indicated, are allegations at this point.

against her wishes. On June 12, Dr. Khan performed a hysterectomy on Ms. Vick without her consent and against her express wishes. Ms. Vick was restrained against her will during the procedure. At one point Ms. Vick attempted to flee the operating room but was restrained and forcibly returned to the table, resulting in injury. Plaintiffs filed their complaint on September 6, 2017.

Defendants filed a motion to dismiss, arguing that many of the counts alleged in the complaint were time-barred. The Court granted the motion, and in a January 5, 2018 order, dismissed counts III – VIII of Plaintiffs' complaint: those counts alleged various tortious actions on Defendants' part, including assault, false imprisonment, intentional and negligent infliction of emotional distress, negligence, and fraud. The Court ruled that counts I and II were not time barred, reasoning that they were medical negligence claims and that Plaintiffs had filed a proper notice of intent, which, pursuant to 18 *Del. C.* § 6856, provided a 90-day tolling period.

On May 3, Plaintiffs filed a motion to amend their complaint. Plaintiffs' proposed amended complaint sought to add counts for "Medical Malpractice by fraud, conversion, assault and battery, false imprisonment and intentional infliction of emotional distress" and counts for "Medical Negligence by invasion of privacy, negligence and negligent infliction of emotional distress.". This motion was denied by the Commissioner, who found that the proposed changes to the complaint were superficial and not substantive, and that this Court had already rejected Plaintiffs' arguments that those claims were proper and had dismissed them.

Superior Court Civil Rule 15 provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." An Order of the Commissioner on a non-case-dispositive matter shall not be disturbed by this Court on appeal unless the order is "based upon findings of fact that are clearly erroneous, or is contrary to law,

or is an abuse of discretion."[2] Orders of the Commissioner on case-dispositive matters are reviewed by this Court *de novo*.[3] The Commissioner's order in this case is non case-dispositive, as Plaintiffs' claims under Count I and II remain despite the Commissioner's decision on the motion.[4]

Here, as stated earlier, on January 5, 2018, this Court dismissed Plaintiffs' tort claims as time barred. Now, Plaintiffs seek to amend the complaint to add claims for "Medical Malpractice by fraud, conversion, assault and battery, false imprisonment," etc. The Court views the intended amendment as an improper attempt to circumvent this Court's order and the statute of limitations by re-alleging claims that were previously dismissed. Justice does not require that the orders of this Court and the statutes of the Delaware legislature go unenforced. The Court therefore finds that the Commissioner's order was not based upon erroneous findings of fact, was not contrary to law, and contained no abuse of discretion.[5]

---

[2] Super. Ct. Civ. R. 135(a)(3)(iv).

[3] Super. Ct. Civ. R. 135(a)(4)(iv).

[4] *See Argoe v. Commerce Square Apartments L.P.*, 1999 WL 1240855, at *1 n.2 (Del. Super. Aug. 10, 1999) (denial of motion to amend premises liability complaint to allege that owners of property were liable as principals for negligence of property manager would not have been case dispositive, as Court simultaneously denied defendants' motion for summary judgment based on premises liability principles).

[5] Even were the Court to consider the appeal under a *de novo* standard, it would affirm for the reasons set forth above.

**WHEREFORE**, the order of Commissioner is **AFFIRMED**.


**IT IS SO ORDERED**.

__/s/ Noel Eason Primos_____
Judge

NEP/wjs
*Via file & ServeXpress & U.S. Mail*
oc: Prothonotary
cc: Counsel of Record
    Stacia Vick
    Chadwick Vick